UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL FRIES,<br><br>    Petitioner,<br><br>    v.<br><br>K.D. HARRIS et al.,<br><br>    Respondents. | No. SA CV 16-01687-R (DFM)<br><br>ORDER TO SHOW CAUSE |

**A.** **Background**

On September 12, 2016, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court. Dkt. 1 ("Petition"). The Petition seeks to challenge Petitioner's 1996 conviction in Orange County Superior Court. Id. at 2.[1] Petitioner is presently serving the 96 years to life sentence imposed in that case. Id.

///
///

---

[1] All citations to the Petition are to the CM/ECF pagination.

B. **The Petition Is Facially Untimely**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four alternative accrual dates. See 28 U.S.C. § 2244(d)(1)(A)-(D). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The California Supreme Court denied Petitioner's petition for review on July 22, 1998. See Petition, App'x D at 9. Petitioner does not appear to have filed a petition for writ of certiorari in the Supreme Court. Therefore, his conviction became final 90 days later, on October 20, 1998. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). If the Court assumes that date is the date Petitioner's limitation period began to run, Petitioner then had one year from the date his judgment became final, or until October 21, 1999, to timely file a habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). However, Petitioner did not file the instant action until September 12, 2016, almost 17 years too late.

C. **Possible Later Trigger Dates**

    1. **State Impediment**

AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action." 28 U.S.C. § 2244(d)(1)(B).

    2. **Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that

is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). It does not appear that any of the claims alleged in the Petition is based on a federal constitutional right that was initially recognized by the United States Supreme Court after the date his conviction became final and that has been made retroactively applicable to cases on collateral review.

### 3. Discovery of Factual Predicate

Under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations begins to run when the "factual predicate" of Petitioner's claims "could have been discovered through the exercise of due diligence." Id. The term "factual predicate" refers to the facts underlying the claim, not the legal significance of those facts. Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) ("This is not to say that [Petitioner] needed to understand the legal significance of those facts--rather than simply the facts themselves--before the due diligence (and hence the limitations) clock started ticking."); accord Summers v. Patrick, 535 F. Supp. 2d 995, 998 (C.D. Cal. 2008) ("Under § 2244(d)(1)(D), AEDPA's statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of her claims, not when a petitioner learns the legal significance of those facts.").

### D. Statutory Tolling

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed

"pending" and tolled, so long as the state petitioner proceeds in a hierarchical order from one lower state court to a higher state court. See Carey v. Saffold, 536 U.S. 214, 223 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions. See id.

### E.  Equitable Tolling

In Holland v. Florida, 560 U.S. 631, 649 (2010), the Supreme Court held that AEDPA's one-year limitation period is subject to equitable tolling in appropriate cases. However, in order to be entitled to equitable tolling, the petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented his timely filing. Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has held that the Pace standard is consistent with the Ninth Circuit's "sparing application of the doctrine of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (2009)). "Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

Consequently, as the Ninth Circuit has recognized, equitable tolling will be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see also Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of

which would preclude the application of equitable tolling.'" (quoting <u>Harris v. Carter</u>, 515 F.3d 1051, 1054-55 (9th Cir. 2008))).

### F. <u>Conclusion</u>

This Court has the authority to raise the statute of limitations issue <u>sua sponte</u> when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Because it appears from the face of the Petition that Petittioner's claims may be time-barred, IT THEREFORE IS ORDERED that, on or before October 21, 2016, Petitioner show cause in writing as to why the Court should not recommend that this action be summarily dismissed with prejudice on the ground of untimeliness. Petitioner is specifically ordered to identify whether he is arguing that a later trigger date should apply under 28 U.S.C. § 2244(d)(1)(B), (C), or (D), and all facts that support such an argument. Petitioner is also ordered to identify any period for which statutory or equitable tolling is claimed, and all facts to support any such claim.

Dated: September 19, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge